UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| TREYON ANTONIO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-247 |
| | ) | |
| CORRECTIONAL HEALTH, | ) | |
| NURSE HARNED, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Treyon Antonio Williams filed this 42 U.S.C. § 1983 action after Correctional Health employee Nurse Harned stood by while he was "assaulted" by a Chatham County Sheriff's Department officer and then "refused to stich [his] palm and refused to give [him] anything for the pain and swelling of his arm." Doc. 1 at 5. The Court, having granted his request to pursue his case *in forma pauperis*, doc. 3, and Williams having returned the necessary forms, docs. 4, 5 & 7, now screens his Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of

1

any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.[1]

An inmate's right to be free from cruel and unusual punishment is only violated where a plaintiff both had an objectively serious medical need and some prison official or officials were deliberately indifferent to that need. *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1234 (11th Cir. 2010); *see generally Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia*, necessary medical care). Deliberate indifference, in turn, requires that a defendant "(1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence." *Harper*, 592 F.3d at 1234 (*citing Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008)).

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Williams' allegations are straightforward. Nurse Harned watched him get assaulted and then provided medical care, but determined that his injuries were not serious enough to warrant either stitches or pain medication.[2] Doc. 1 at 5. He contends he was unconstitutionally deprived of adequate medical care, but his allegations make clear that he was indeed treated — albeit (in his view) deficiently. A prisoner's mere disagreement with the type of medical care he receives, however, is insufficient to support an Eighth Amendment violation. *See, e.g., Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) "[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated

---

[2] A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see, e.g., Hutchinson v. N.Y. State Corr. Officers*, 2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (a "condition of urgency, one that might produce death, degeneration or extreme pain"). Only "those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Mere 'malpractice' allegations do not suffice." *Jackson v. Franks*, 2012 WL 6626020 at * 1 (S.D. Ga. Dec. 19, 2012). A wound assessed as a "scratch," even if uncomfortable, certainly falls short of a serious medical need.

3

is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Even assuming that the nurse's diagnosis and recommendation amounted to medical malpractice, it does not amount to a constitutional violation. *See, e.g., Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations."). Put differently, even if the alleged facts might support a medical malpractice claim, that claim does not amount to a constitutional violation.

To the extent he waves at a failure to protect claim under the Eighth Amendment, Nurse Harned is not a prison official compelled to intervene. *Riggins v. Beseler*, 2013 WL 12086790 at *15 (M.D. Fla. Mar. 26, 2013), *aff'd*, 568 F. App'x 850 (11th Cir. 2014); *see generally Crenshaw v. Lister*, 556 F. 3d 1283, 1293-94 (11th Cir. 2009) (officers have a duty to intervene if they observe a constitutional violation by other officers and are in a position to intervene); *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (same). And Correctional Health, as a private contractor, cannot be held liable under § 1983 unless it "had an established policy or custom

4

which led to the alleged violations of [plaintiff's] constitutional rights." *See Nesmith v. Corr. Corp. of Am.*, 2007 WL 2453584 at *2 (S.D. Ga. Aug. 23, 2007) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Williams has failed to allege that Correctional Health had an established policy or custom which led to either alleged violation of his constitutional rights. Therefore, he fails to state a claim against Correctional Health at all. In sum, Williams' Complaint should be **DISMISSED**.[3]

Meanwhile, it is time for plaintiff to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $54.02, doc. 5, he owes an initial partial filing fee of $10.80. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). His custodian (or designee) shall therefore remit $10.80 to the Court and shall set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

---

[3] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation (R&R) within 14 days of service, *see infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of his § 1983 claims *and* identify a defendant who is not immune from suit.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>21st</u> day February, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA